## POLHEMUS v. ANNIN.

Trespass and assumpsit cannot be joined in the same action.  Interest not allowed on an open account.

*Certiorari* to Justice Opdyke.

It appeared that Annin, the plaintiff below, had sued Polhemus for detaining his mare thirty days, and in the same suit had also charged him with goods sold, and with interest on the account; all which were allowed by the justice, who gave judgment for the amount of the plaintiff's claim.

PER CUR.  The demands for an illegal detention of the plaintiff's property and for goods sold, cannot be joined in the same action.   The allowance of interest upon an open account is also illegal.

Reverse the judgment.

[177]                    SMITH v. LAYTON.

The justice has no jurisdiction of a cause where the title to land is in dispute.

*Certiorari* to Justice Annin.

Smith's action below was brought on a sealed note, which Layton acknowledged.   In his defence he claimed as an offset an allowance to be made for certain rents which he alleged to be due from Smith to him, on account of certain property which he claimed title to, and which was in Smith's possession.  Smith insisted that he was the owner of the land in fee, and had been in possession sixteen years.   The justice, however, permitted the defence set up to go to the jury.

Smock v. Taylor.

PER CUR. Reverse the judgment. The justice had no jurisdiction in case of title. He should have overruled the plea.

CITED *in Harvey* v. *Drummond, Coxe* 218.

---

SMOCK v. TAYLOR, ASSIGNEE.

An assignee cannot sue in his own name on a sealed instrument.

*Certiorari* to Justice Hendrickson.

The court reversed the judgment, because it appeared that Taylor, the plaintiff below, sued in his own name on a sealed bill, which had been assigned to him.